**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**(TOLEDO)**

| | | |
|---|---|---|
| **CAROLYN CHAPMAN** | ) | **CASE NO.** |
| **9813 OAK BEND DRIVE** | ) | |
| **HOLLAND, OHIO 43528,** | ) | **JUDGE: HON.** |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNIVERSITY OF TOLEDO** | ) | |
| **C/O STATE OF OHIO** | ) | |
| **30 E. BROAD STREET, 14TH FLOOR** | ) | |
| **COLUMBUS, OH 43215** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

_____/ _____/

**COMPLAINT WITH DEMAND FOR JURY TRIAL ENDORSED HEREUPON**
_____

**NOW COMES** the Plaintiff, Carolyn Chapman, by and through her undersigned attorney, Norman A. Abood, and for her Complaint against the University of Toledo states as follows:

## I. PRELIMINARY STATEMENT

1.	Plaintiff, Carolyn Chapman ("Plaintiff" or "Ms. Chapman") is an African American female who worked at the University of Toledo ("University") from April 30, 2007, until her race-based, retaliatory termination on January 15, 2021. During her time at the University, Ms. Chapman held multiple Human Resource roles with her most recent title being Director- Human Resources Clinical Operations. In this role, Ms. Chapman was tasked with overseeing the University Medical Center's Human Resources ("HR") department. During her time in her most

recent role, Ms. Chapman reported to former Associate Vice President of HR Wendy Davis and after Ms. Davis' termination, to Executive Director of Talent Strategy and Development, Melissa Hurst, a Caucasian Female, and to John Elliott, a Caucasian Male who was Senior Associate Vice president/Chief Human Resources Officer.

2. On October 14, 2020, Plaintiff, Mr. Elliott, suddenly and without warning, served a 90-day Notice of Termination upon Ms. Chapman, a true and accurate copy of which is attached hereto and made a part hereof as Exhibit 1.

3. As a result of her termination, Plaintiff filed charges of race discrimination and retaliation with the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission ("EEOC"), in the case captioned *Carolyn Chapman v. the University of Toledo*, assigned OCRC case no. TOL72(41356)03012022 and EEOC number /22A-2022-01451C.

4. Mr. Elliott had begun his employment at the University only nine (9) days before Ms. Chapman's 90-day notice was served.

5. Ms. Hurst had begun her employment with the University only fourteen (14) days before Ms. Chapman's 90-day notice was served.

6. Notwithstanding that Ms. Chapman had been employed with the University for 13 years, Defendant fired her allegedly for poor performance.

7. Ms. Chapman possesses a graduate degree in Organizational Management, is a Professional in HR management (PHR), and has over 25 years of experience working in HR, including 13 years with the Defendant University of Toledo.

8. Ms. Chapman did not receive any discipline prior to the termination of her employment.

9. Ms. Chapman was replaced by her former subordinate, a Caucasian person.

10. Other African American employees in upper management have also been fired and were replaced by Caucasian employees.

11. The Ohio Civil Rights Commission ("OCRC") has found probable cause in at least six (6) similar cases of race discrimination against Defendant within the past two (2) years.

12. On November 17, 2022, the OCRC issued its *Letter of Determination* finding after an investigation that it was probable that the University of Toledo had discriminated against Ms. Chapman by imposing upon her different terms and conditions of employment and terminating her on the basis of race. A true and accurate copy of the OCRC Letter of Determination is attached hereto and made a part hereof as Exhibit 2.

13. On December 15, 2022, the OCRC issued to Ms. Chapman its *Notice of Right to Sue*, a true and accurate copy of which is attached hereto and made a part hereof as Exhibit 3.

14. On February 24, 2023, The EEOC issued its *Notice of Right to Sue Within 90 Days,* pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*. A true and accurate copy of the EEOC is attached hereto and made a part hereof as Exhibit 4.

15. As the Court is aware the Courts use the same legal standards to analyze discrimination claims brought under Title VII or O.R.C. 4112, see, e.g., *Jones v. Best Buy Stores, L.P*., (6th Cir. 2010) 2010 U.S. Dist. LEXIS 8761, *16, 2010 WL 446577 citing *Mitchell v. Toledo Hosp*., 964 F.2d 577, 582-83 (6th Cir. 1992) and *Little Forest Medical Ctr. of Akron v. Ohio Civ. Rights Comm.*, 61 Ohio St. 3d 607, 575 N.E.2d 1164, 1167 (Ohio 1991); accord, Beca*Rachells v. Cingular Wireless Emple. Servs., LLC*, 732 F.3d 652, 661, 2013 U.S. App. LEXIS 20979, *19, 2013 FED App. 0295P (6th Cir.), 11, 120 Fair Empl. Prac. Cas. (BNA) 681, 97 Empl. Prac. Dec. (CCH) P44,931, 2013 WL 5645239.

3

## II. THE PARTIES

**16.** Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 15 hereinabove as if fully rewritten herein.

**17.** Plaintiff, Carolyn Chapman, is an African American female who at all times relevant hereto has resided within the City of Toledo, Lucas County, Ohio.

**18.** The Defendant, University of Toledo (hereinafter alternatively referred to as ("University"), operates as State University organized and existing under the laws of the State of Ohio.

## III. JURISDICTION AND VENUE

**19.** Plaintiff repeats and reiterates each and every allegation set forth in paragraph 1 through 18 hereinabove, as if fully rewritten herein.

**20.** This action arises under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2 (Title VII)[1], 1988 (Civil Rights Attorney Fee Award Act of 1976)[2] and Ohio Revised Code Section 4112.01 et. Seq.

---

[1] Per the summary provided by the U.S. Department of Justice: "42 U.S.C. §2000e-2 makes it unlawful to discriminate against someone on the basis of race, color, national origin, sex (including pregnancy and gender identity) or religion. The act also makes it unlawful to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. The statute prohibits not only intentional discrimination, but also practices that have the effect of discriminating against individuals because of their race, color, national origin, religion or sex."

[2] 42 U.S.C. § 1988 authorizes courts to award reasonable attorney's fees to prevailing parties in civil rights litigation to ensure effective access to the judicial process for civil rights plaintiffs; fees may not be awarded to a prevailing defendant except where the plaintiff's action was frivolous, unreasonable, or without foundation.

4

21. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction) and 28 U.S.C. §1343(a) (Civil Rights Jurisdiction).

22. Plaintiff 's charge of race discrimination was timely filed with EEOC through the OCRC Toledo Field Office.

23. The Court has original jurisdiction over Title VII claims filed within 90 days of a charging party's (Plaintiff herein) receipt of the EEOC's right to sue letter and, thus, this Court has jurisdiction over Plaintiff's Title VII claims pursuant to 42 U.S.C. §2000e-5(f)(3).

24. Venue for this action properly lies in the United States District Court for the Northern District of Ohio, Western Division (Toledo), pursuant to 29 U.S.C. §1391(b) because the Defendant is located within the State of Ohio and this judicial district (29 U.S.C. §1391(b)(1)), the claims at issue arose in this judicial district (29 U.S.C. §1391(b)(2)) and pursuant to 42 U.S.C. 2000e-5(f)(3) because the unlawful employment practices were committed in this judicial district.

## IV. OPERATIVE FACTS

25. Plaintiff repeats and reiterates each and every allegation set forth in paragraph 1 through 24 hereinabove, as if fully rewritten herein.

26. Plaintiff, Ms. Carolyn Chapman, is an African American woman who had worked at the University of Toledo since April 30, 2007, most recently as Director of HR Clinical Resources.

27. Defendant, the University of Toledo, is a federal government contract holder who has a duty to comply with Executive Order 11246, As Amended, 41 CFR (§§ 60-30.1 - 60-30.37)[3].

28. Plaintiff was hired in 2015 in the University's Human Resources ("HR") department.

---

[3] Executive Order 11246, as Amended, is attached as Exhibit 5 for the Court's convenance.

29.     In her most recent role as Director- Human Resources Clinical Operations, Ms. Chapman provided guidance and oversight of HR team members, employee/labor relations and talent and performance management at the University of Toledo Medical; Center ("UTMC").

30.     During her employment at the University, Ms. Chapman was never disciplined or written up for unsatisfactory work.

31.     Ms. Chapman's performance reviews were continuously above average.

32.     Ms. Chapman received a ninety-day (90) Notice of Termination of Employment on October 14, 2020, the last day of work to be January 15, 2021.

33.     Prior to her termination, Ms. Chapman was subjected to different terms and conditions of employment than similarly situated Caucasian employees, which disparate treatment included, but was not limited to:

i.      Being discharged without being put on a performance improvement plan ("PIP").

ii.     being discharged without being offered any opportunity to transfer to a different position within the University.

34.     Prior to her termination by the University, the University hired two (2) Caucasian employees who replaced Ms. Chapman's former supervisor, Wendy Davis, being John Elliott, a Caucasian male hired September 4, 2021, and Melissa Hurst, a Caucasian female hired September 8, 2021, Mr. Elliot & Ms. Hurst were paid a combined salary of approximately $400,000.00, plus benefits and additional spending allowances, being over $80,000.00 more in cost to the University per year.

**35.** Both Mr. Elliott and Ms. Hurst were hired without their "new" job positions having job descriptions approved in accord with Ohio State law and regulations[4].

**36.** Both Mr. Elliott and Ms. Hurst were hired without their "new" job positions having been posted in accord with University Policy.

**37.** On information and belief, both Mr. Elliott and Ms. Hurst were friends of University President Postel, a Caucasian male, who had previously worked with each of them.

**38.** Per the Notice of Termination, the only reason asserted for Ms. Chapman's termination was that she was an "at will" employee, that the University "appreciates the work you have done for The University and regret[s] that this action is necessary."

**39.** As a result of the disparate, discriminatory treatment to which she was subjected, Plaintiff filed a complaint with the OCRC and the EEOC, which resulted in an OCRC finding that it was probable that the University had engaged in discriminating against Ms. Chapman in violation of ORC § 4112.

**40.** As a direct and proximate result of Defendant's wrongful and discriminatory actions as aforesaid, Plaintiff has suffered emotional distress, mental anguish, embarrassment, humiliation, and damage to reputation.

**41.** As a direct and proximate result of Defendant's discriminatory actions against Plaintiff as aforesaid, Plaintiff has suffered a loss of employment, loss of income, loss of benefits, loss of employment opportunities, and incurred significant and ongoing attorney fees.

---

[4] Specifically, but not limited to, the job posting mandates to assure fairness and non-discrimination as well as affirmative action in job hiring practices required of a Government Contract holder (i.e., the University of Toledo) pursuant to Executive Order 11246, as amended, and Title VII of the 1964 Civil Rights Act, as amended.

7

**42.** Plaintiff has timely exhausted all administrative remedies available to her to redress the wrongs perpetrated upon her by Defendant as aforesaid.

**43.** As detailed above, Defendant targeted Plaintiff with racial bias.

**44.** As detailed herein above, Defendant's acts of discrimination against Plaintiff were purposeful and undertaken with the discriminatory intent to deprive Plaintiff of her rights under federal law.

**45.** As a direct and proximate result of the Defendant's wrongful and discriminatory actions as aforesaid, Plaintiff has been denied due process of law in violation of the United States laws and the laws of the State of Ohio.

**46.** As a direct and proximate result of the Defendant's wrongful and discriminatory actions as aforesaid, Plaintiff has suffered a loss of her property interests in violation of the United States laws.

**47.** 42 U.S.C. §1988(b) allows for the award of attorney fees in an action to enforce Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000d *et seq*.).

**48.** 42 U.S.C. §1988(c) allows for the award of expert fees as part of an attorney's fee award in an action to enforce Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000d *et seq*.).

## COUNT ONE
### (DISCRIMINATION BASED ON RACE)
### TITLE VII OF THE 1964 CIVIL RIGHTS ACT, 42 U.S.C. §2000E-2 (TITLE VII), ORC 4112

**49.** Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 48 hereinabove as if fully rewritten herein.

**50.** The University of Toledo is an employer in the State of Ohio.

51. Plaintiff, Ms. Chapman, is a member of a protected class under Federal Law based upon her race, African American.

52. Ms. Chapman was qualified for her position of employment with the University.

53. As a direct and proximate result of the University's discriminatory practices towards her as aforesaid, Ms. Chapman was subjected to multiple adverse employment actions which culminated in her wrongful termination.

54. The reasons stated by Defendant for terminating Ms. Chapman are false/pretextual.

55. Defendant knowingly discriminated against Ms. Chapman in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2 (Title VII) and Ohio Revised Code 4112. Et seq.

56. As a direct and proximate result of Defendant's actions against Ms. Chapman as aforesaid, Ms. Chapman has suffered actual and consequential damages, including but not limited to, loss of income, loss of employment benefits, humiliation, pain and suffering and emotional distress, loss of enjoyment, all of which are reasonably anticipated to continue indefinitely into the future.

57. The aforesaid conduct of Defendant was undertaken with malicious purpose, in bad faith, and/or in a reckless/wanton manner, which it knew, or reasonably should have known, would cause Ms. Chapman harm.

58. Defendant's actions against Ms. Chapman as aforesaid were undertaken with such knowledge, malice, intent to injure and/or with such reckless or wanton disregard for Ms. Chapman's rights as entitle her, in addition to an award of actual and consequential damages, to an award of punitive damages, and/or attorney fees.

WHEREFORE, Plaintiff, Ms. Carolyn Chapman, respectfully prays for judgment against Defendant as follows:

(A) That per Count One (Discrimination) she be awarded judgment against Defendant for actual and compensatory damages, including, but not limited to, the amount of all salary and the value of all benefits lost due to the Defendant's discrimination for actual and compensatory damages in an amount in excess of $25,000, the full extent of which shall be proven at trial, and that she have an award of punitive damages against Defendant in an amount determined by the jury, but not less than three (3) times the amount of the actual, and compensatory damages awarded to her; and further that she be awarded reasonable attorney fees and costs;

(B) That she be awarded such other and further judgment against the Defendant as the Court deems just or equitable.


Dated: _____                    Respectfully Submitted.

**THE LAW OFFICE OF NORMAN A. ABOOD**
/s/ Norman A. Abood
Norman A. Abood (OH. Sup. Ct. #0029004)
101 Broadcast Building
136 N. Huron Street
Toledo, OH  43604
Phone:          419-724-3700
Fax:             419-724-3701
E-Mail:         Norman@nabood.com
-   *Attorney for Plaintiff*


## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable herein.

/s/Norman A. Abood
Norman A. Abood