UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carolyn Chapman,  Case No. 3:23-cv-1022

    Plaintiff,

v.  MEMORANDUM OPINION
AND ORDER

University of Toledo,

    Defendant.

## I. INTRODUCTION

Defendant University of Toledo has filed a motion to dismiss the claims alleged by Plaintiff Carolyn Chapman. (Doc. No. 8). Plaintiff filed a brief in opposition to Defendant's motion, (Doc. No. 11), and Defendant filed a brief in reply. (Doc. No. 12). For the reasons stated below, I grant Defendant's motion to dismiss.

## II. BACKGROUND

**A.**    **Complaint Allegations**

Plaintiff Carolyn Chapman, an African-American woman, worked as a Human Resources professional in various roles for Defendant University of Toledo from 2007 to 2021. (Doc. No. 1 at 1). In her final position, as Director – Human Resources Clinical Operations, Plaintiff oversaw the University of Toledo Medical Center's Human Resources Department. (*Id.*).

In October of 2020, Plaintiff's previous supervisors – both members of upper management at the University of Toledo – were replaced. (*Id.* at 2). Plaintiff began reporting to Melissa Hurst, the new Executive Director of Talent Strategy and Development, and John Elliott, the new Senior

Associate Vice President/Human Resources Officer. (*Id.*) Both are Caucasian. (*Id.*) On October 14, 2020, just nine days after Elliott started his new role, and fourteen days after Hurst started her role, Plaintiff received a ninety-day notice of termination, effective January 15, 2021. (Doc. No. 1 at 2; Doc. No. 1-1). Defendant never disciplined Plaintiff before her termination, and she consistently received above average performance reviews. (Doc. No. 1 at 6). In addition, unlike allegedly similarly situated Caucasian employees, Defendant did not put Plaintiff on a performance improvement plan or offer Plaintiff an opportunity to transfer to a different position within the University of Toledo before terminating her. (*Id.*).

**B.     Procedural Background**

On March 1, 2022[1], 503 days after receiving her 90-day notice of termination and 424 days after that termination went into effect, Plaintiff filed an administrative complaint with the Ohio Civil Rights Commission ("OCRC") alleging Defendant discriminated against her because of her race and retaliated against her for protesting this unequal treatment. (*See* Doc. No. 8-1 at 1, 3). The complaint was subsequently filed with the Equal Employment Opportunity Commission ("EEOC") through the OCRC Toledo Field Office. (Doc. No. 1 at 5); *see also* EEOC, *Fair Employment Practices Agencies (FEPAs) and Dual Filing* (last accessed Nov. 21, 2023), https://www.eeoc.gov/fair-employment-practices-agencies-fepas-and-dual-filing (explaining that certain employment

---

[1] Plaintiff's complaint does not allege the date on which she filed her administrative charge with the OCRC, and she did not attach a copy of that administrative charge as an exhibit to the Complaint she filed in this Court. (*See* Doc. No. 1 at 2, 7). Defendant attached a copy of Plaintiff's OCRC charge to its Motion to Dismiss – Plaintiff does not dispute this document's authenticity – and inferred from the Charging Party ID number of "TOL72(41356)**03012022**" (emphasis added) that Plaintiff filed the charge with the OCRC on March 1, 2022. (*See* Doc. No. 8 at 2). The charge document, meanwhile, has a handwritten date that appears to read "3/7/22" in the top right corner of each page, and the last page of the charge was signed and notarized on March 15, 2022. (Doc. No. 8-1 at 3). The parties agree that the filing date is March 1, 2022, so I will treat that date as the date Plaintiff filed her administrative charge for purposes of this opinion. (*See* Doc. No. 11 at 2; Doc. No. 12 at 1). As discussed in Footnote 2 below, this determination does not change the outcome of Defendant's Motion to Dismiss because March 1, 2022 – the earliest of the three dates – is well outside the administrative filing period.

discrimination complaints filed with state Fair Employment Practices Agencies are automatically filed with the EEOC under worksharing agreements between those agencies and the EEOC).

On November 17, 2022, the OCRC determined there was probable cause for Plaintiff's race discrimination claim but not her retaliation claim, and it issued her a Notice of Right to Sue on December 15, 2022. (Doc. Nos. 1-2 and 1-3). On February 23, 2023, the EEOC issued Plaintiff a Notice of Right to Sue upon Plaintiff's request because more than 180 days had passed since she filed her complaint with the EEOC. (Doc. No. 1-4). On May 22, 2023, 88 days later, Plaintiff filed this lawsuit. (Doc. No. 1).

### III. STANDARD

A defendant may seek to dismiss a plaintiff's complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The plaintiff must plead "all material elements" of the claim with sufficient detail to state a plausible claim for relief. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *see also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008). The court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's

motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### IV. ANALYSIS

Defendant has moved to dismiss Plaintiff's Complaint in its entirety. Although Title VII claims and § 4112.02 claims are typically analyzed under the same legal framework, I will address each separately because I dismiss each claim for different reasons. I dismiss Plaintiff's Title VII claim for failure to exhaust her administrative remedies and I decline to exercise supplemental jurisdiction over the state law employment discrimination claim.

**A.     Title VII Claim**

**1.     Plaintiff failed to exhaust her administrative remedies.**

Defendant argues Plaintiff failed to exhaust her administrative remedies because she filed her administrative complaint with the EEOC after the 300-day filing period had elapsed. (Doc. No. 8 at 4-5). I agree.

Before filing suit in federal court, Title VII plaintiffs must first exhaust their administrative remedies. *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018). To properly do so, they must "(1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue." *Id.* (citing *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006)) (internal quotation marks omitted). Both parties agree Plaintiff filed this lawsuit within 90 days after receiving her Notice of Right to Sue from the EEOC. (*See* Doc. No. 11 at 4; Doc. No. 12 at 2-3). So this case turns on whether Plaintiff timely filed her charge of discrimination with the EEOC in the first place.

In Ohio, a person has 300 days after an alleged discriminatory act to file an administrative charge of discrimination with the EEOC. *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001); 42 U.S.C. § 2000e-5(e)(1) (providing that in a state with its own fair employment practices agency, the

4

EEOC's administrative filing period is 300 days). That filing period begins to run when the aggrieved person "learns of the employment decision itself." *Amini*, 259 F.3d at 499.

Here, Plaintiff learned of her termination on October 14, 2020, when she received the letter informing her that she was being terminated. (Doc. No. 1 at 2). The 300-day EEOC filing period began to run the next day and ended on August 10, 2021.[2] Plaintiff filed her administrative charge with the OCRC on March 1, 2022. (Doc. No. 8-1 at 3). She has not alleged she filed her EEOC charge earlier than her OCRC charge, and, in fact, asserts that the charge was "filed with [the] EEOC through the OCRC Toledo Field Office." (Doc. No. 1 at 5). At the very earliest, therefore, Plaintiff filed her EEOC charge on the same day she filed her OCRC charge – March 1, 2022. This means 503 days elapsed[3] between the date Plaintiff learned of her termination and the date she filed her charge with the EEOC. This places the date of her administrative filing well after the 300-day filing period ended. Plaintiff has failed to exhaust her administrative remedies because she did not timely file a charge with the EEOC.

Plaintiff, quoting *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983), argues that motions to dismiss under Rule 12(b)(6) "must be directed solely to the Complaint and any exhibits attached to it," and since her Complaint and attached exhibits support an allegation that her administrative complaint was timely filed with the EEOC, I may not consider the exhibits attached to Defendant's Motion to Dismiss and must reject Defendant's timeliness argument. (Doc. No. 11 at 4). But Plaintiff does not argue, in her opposition to Defendant's Motion to Dismiss, that

---

[2] In accord with Rule 6 of the Federal Rules of Civil Procedure, I calculated the time periods in this case by excluding the day Chapman received her notice of termination, counting every day, including intermediate Saturdays, Sundays, and legal holidays, and including the last day of the period, which did not fall on a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1).

[3] If Plaintiff filed her charge on March 7, 2022, or March 15, 2022, *see* Footnote 1 above, that would be 509 days or 517 days, respectively, after she received her notice of termination. Therefore, either of those filing dates would also fall well outside of the EEOC's 300-day administrative filing period.

she actually filed her charge of discrimination with the EEOC within the 300-day filing period. (*See* Doc. No. 11 at 4-5). And *Roth Steel*, decided several decades before the Supreme Court clarified the Rule 12(b)(6) standard in *Twombly* and *Iqbal*, has little to offer Plaintiff here.

The cited passage, and the court's rejection of the defendant's reliance on "extrinsic evidence" at the motion to dismiss stage, came in a very different context: the *Roth Steel* defendants' use of external evidence to disprove an element of the plaintiff's damages that appeared nowhere in the plaintiff's amended complaint. *Roth Steel*, 705 F.2d at 155-56. Here, by contrast, Plaintiff's complaint alleges her administrative charge was "timely filed with the EEOC through the OCRC Toledo Field Office" – a key element of her Title VII claim. Defendant responded by producing a copy of that charge and pointing to the filing date. (Doc. No. 1 at 5). Because that administrative charge is "referred to in the Complaint" and because the timeliness of that charge is "central to the claims contained therein," I may consider it at this stage. *Bassett*, 528 F.3d at 430. When I take this document into account, it is clear Plaintiff failed to timely file her initial charge of discrimination with the EEOC. I conclude Plaintiff's Title VII claim is barred because she failed to exhaust her administrative remedies.

  **2. Defendant is not estopped from making its failure-to-exhaust argument.**

Plaintiff argues that even if she did not timely file her administrative charge with the EEOC, Defendant should be estopped from making any argument about timeliness. (Doc. No. 11 at 6). I disagree.

Because the 300-day limitations period for filing a charge with the EEOC is not a jurisdictional bar to suit, it "is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Estoppel is an equitable doctrine allowing a court "to compel a party either to admit, or not to deny, the existence of a particular fact relevant to a claim for relief."

*Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). Equitable estoppel generally requires the plaintiff to show each of the following five elements:

> First, the party to be estopped must have used conduct or language amounting to a representation of material fact. Second, that party must have been aware of the true facts. Third, that party must have had an intention that the representation be acted on, or have conducted himself in such a way toward the party asserting estoppel that the latter had a right to believe that the former's conduct was so intended. Fourth, the party asserting estoppel must have been unaware of the true facts. Finally, the party asserting estoppel must have detrimentally and justifiably relied on the representation.

*Id.* at 302 (internal citations and quotation marks omitted).

Here, Plaintiff cannot satisfy the first or the third element because she does not allege that Defendant – "the party to be estopped" – represented anything to her about Title VII's administrative filing deadline that induced her to file after the deadline. Instead, she argues Defendant should be estopped from making its timeliness argument because the *EEOC* allegedly misrepresented to her that her administrative charge had *previously* been timely filed by *later* sending her a Notice of Right to Sue. (Doc. No. 11 at 5-6).

But this is not how equitable estoppel works in the timeliness context. It requires a showing that the plaintiff did not file on time because of the defendant's bad behavior, not that the plaintiff allegedly was misled by an unrelated third party's later actions. *See E.E.O.C. v. Ky. State Police Dep't*, 80 F.3d 1086, 1095 (6th Cir. 1996); *see also Smith v. YUSA Corp.*, No. C-2-03-725, 2005 WL 1398490, at *5 (S.D. Ohio June 14, 2005) ("For equitable estoppel to apply, the employer must have affirmatively acted in such a way as to delay or hinder the employee's ability to file within the statutory time limit."). Plaintiff has not made this showing, so I will not estop Defendant from arguing Plaintiff's administrative charge with the EEOC was untimely.

7

### 3. Plaintiff is not entitled to equitable tolling.

Finally, Plaintiff argues that even if she did not timely file her administrative charge with the EEOC, she nevertheless is entitled to equitable tolling. (Doc. No. 11 at 7). Unfortunately for her, this argument fares no better than the previous one.

As I noted above, Title VII's administrative filing deadline is subject to equitable tolling, which allows a court to consider a claim brought outside the statute of limitations where it would be unjust not to do so. *Zipes*, 455 U.S. at 393. At its core, equitable tolling demands that a litigant show how her "failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560-61 (6th Cir. 2000). This is a high bar, and, as a result, "federal courts sparingly bestow equitable tolling." *Id.* at 561.

The Sixth Circuit has identified five factors that bear on whether a filing deadline should be equitably tolled: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007) (citation omitted). These factors "are not comprehensive, nor is each of the five factors relevant in all cases." *Amini*, 259 F.3d at 500. Of particular relevance to this case, the Sixth Circuit has cautioned that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Graham-Humphreys*, 209 F.3d at 561. And "a lawyer's mistake normally does not warrant equitable tolling" either. *Zappone v. United States*, 870 F.3d 551, 557 (6th Cir. 2017).

Here, Plaintiff has not shown she is entitled to equitable tolling because she has not alleged any specific reason why she failed to timely file her initial EEOC charge, much less that her failure to do so arose from circumstances beyond her control. (*See* Doc. No. 11 at 8-10). Plaintiff does

8

make four arguments in support of her position. First, dealing with the notice and constructive notice factors, she asserts she did not know of the EEOC's filing period because "she was unaware that the EEOC was even involved at all." (*Id.* at 8). Second, dealing with the diligence factor, she argues she was diligent in pursuing her rights *after* filing her untimely EEOC charge. (*Id.* at 8-9). Third, dealing with the prejudice factor, she argues Defendant will not suffer prejudice because it has been aware of Plaintiff's allegations since she filed her OCRC charge. (*Id.* at 9). Finally, dealing with the reasonableness factor, she argues her ignorance of the EEOC filing deadline was reasonable because "[c]ounsel depends on the OCRC and EEOC to provide jurisdictional accounting of its actions" and "[c]ounsel had no reason to check the filing date after receiving the right to sue letters." (*Id.* at 9-10).

In essence, Plaintiff has argued she should be excused from Title VII's exhaustion requirement because she did not know that filing a charge with the OCRC also would file a charge with the EEOC, and because her attorneys later failed to ensure she had exhausted her administrative remedies before she filed suit in this court.

But these arguments fail because Plaintiff has alleged, at most, that her own "ignorance of the law" regarding the EEOC's administrative filing deadline caused her to file late. *Graham-Humphreys*, 209 F.3d at 561. Plaintiff's assertion that "she was unaware the EEOC was even involved at all" undermines her claim to diligence because it suggests she never intended to file a charge with the EEOC to begin with. *Cf. Zappone*, 870 F.3d at 558 (finding that the plaintiffs were not diligent where they filed an initial administrative claim but failed to inform the agency of a change in their legal representation). Even if she (or her attorneys) reasonably relied on the EEOC's subsequent issuance of a Notice of Right to Sue[4] in filing a lawsuit in federal court, that does not

---

[4] Counsel for Plaintiff's assertion, in the opposition to Defendant's motion to dismiss, that "[c]ounsel depends on the OCRC and EEOC to provide jurisdictional accounting of its actions just as anyone would" also is not reasonable. A brief inspection of Plaintiff's EEOC Notice of Right to

9

explain or justify Plaintiff's initial failure to timely file an administrative charge with the EEOC. And, even if Defendant would suffer no prejudice from allowing this suit to proceed, the Sixth Circuit has repeatedly explained that "[t]he absence of prejudice . . . cannot serve as an independent basis for equitably tolling a limitations period, especially where, as here, the plaintiff[] fail[s] to demonstrate that any other factor supports tolling." *Id.* Plaintiff is not entitled to equitable tolling.

**B.      O.R.C. § 4112.02 Claim**

To begin, Plaintiff has argued that I need not decide whether to dismiss her state employment discrimination claim under § 4112.02 because "[a]ll of Plaintiff's allegations are based on a violation for federal law" and that discrimination on the basis of race in violation of Section 4112.02 is not "a count of the Complaint." (Doc. No. 11 at 10). But the text of the Complaint belies this assertion.

In the section labeled "Jurisdiction and Venue,", Plaintiff states, "[t]his action arises under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e2 (Title VII), 1988 (Civil Rights Attorney Fee Award Act of 1976), *and Ohio Revised Code Section 4112.01 et. Seq.*" (Doc. No. 1 at 4) (emphasis added). In the section labeled "Count One," Plaintiff states "Defendant knowingly discriminated against Ms. Chapman in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2 (Title VII) *and Ohio Revised Code 4112. Et seq.*" (*Id.* at 9) (emphasis added). And Plaintiff asks "[t]hat per Count One she be awarded judgment against Defendant for actual and compensatory damages." (*Id.* at 10). By asserting that "this action arises under . . . Ohio Revised Code Section 4112.01 et.

---

Sue, attached as Exhibit 4 to Plaintiff's Complaint, reveals that it was "Issued on Request" because "more than 180 days have passed since the filing of this charge." (Doc. No. 1-4). It makes no reference to timeliness because the EEOC's regulations require it to issue a Notice of Right to Sue upon request if more than 180 days have elapsed since the filing of the charge and the EEOC has not completed its investigation. *See* 29 C.F.R. § 1601.28(a). Plaintiff (and Plaintiff's attorneys) cannot reasonably rely on the Notice of Right to Sue as an indication that the administrative charge was timely because it indicates only that Plaintiff requested a Notice of Right to Sue after 180 days had passed.

10

Seq," as the basis for the court's jurisdiction, by listing Ohio Revised Code Chapter 4112 under "Count One" of the complaint, and by requesting relief for "Count One," Plaintiff has at least attempted to plead a state law employment discrimination claim as a cause of action. *See* Fed. R. Civ. P. 8(a).

Defendant, for its part, argues that state sovereign immunity bars Plaintiff from bringing this state law claim against it in federal court because Defendant is an instrumentality of the state of Ohio and the state of Ohio has not waived its sovereign immunity in these circumstances. (Doc. No. 8 at 6). Plaintiff responds, "there is no claim specifically alleged against the state of Ohio" based on state law. (Doc. No. 11 at 10). I will not reach this issue because, having dismissed Plaintiff's sole federal law claim, I decline to exercise supplemental jurisdiction over the remaining state law claim.

I have subject matter jurisdiction over Plaintiff's Title VII claim under 28 U.S.C. § 1331, but there is no diversity of citizenship between the parties for purposes of Plaintiff's state law claim because both Plaintiff and Defendant are citizens of Ohio. (*See* Doc. No. 1 at 1, 4-5). In cases like this one, where a district court has original jurisdiction over one of a plaintiff's claims pursuant to § 1331, § 1367 provides the court with "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

When the court "has dismissed all claims over which it has original jurisdiction," the court "may decline to exercise supplemental jurisdiction" over the plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Hank v. Great Lakes Construction Co.*, 790 F. App'x 690, 694 (6th Cir. 2019) (affirming a district court's declination of supplemental jurisdiction over Ohio law age and disability employment discrimination claims when the plaintiff's claim under the Labor Management Relations Act had been dismissed for other reasons); *Langley v. DaimlerChrysler Corp.*, 502 F.3d 475,

11

482-83 (6th Cir. 2007) (upholding a district court's assertion of supplemental jurisdiction over Ohio law employment discrimination claims where it also exercised federal question jurisdiction over the plaintiff's ERISA claim).

Further, under these circumstances, "there is a strong presumption in favor of dismissing supplemental claims." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (citing cases). This presumption may be overcome in "unusual circumstances," such as where a party would suffer prejudice because of the length of time a case has been litigated or the advanced stage of a case. *Id.* (citation and internal quotation marks omitted).

I conclude no such circumstances exist in this case – which has been pending for just over six months and in which no discovery has been conducted – and decline to exercise supplemental jurisdiction over Plaintiff's state law employment discrimination claim.

### V.  CONCLUSION

For the reasons stated above, I grant Defendant's motion to dismiss Plaintiff's Title VII claim, (Doc. No. 8), and decline to exercise supplemental jurisdiction over Plaintiff's state law employment discrimination claim.

So Ordered.

                                                       s/ Jeffrey J. Helmick
                                                       United States District Judge